GOTTLIEB WALTER et al., Appellants, v. FRANK HOWE et al., Appellees.

INJUNCTION: Necessity for Mandatory Decree. The relief to which plaintiff in injunction may be entitled should be specifi-

cally decreed, and not left in the form of a mere promise on the part of defendant to accord such relief to plaintiff.

*Appeal from Polk District Court.*—WILLIAM H. McHENRY, Judge.

SEPTEMBER 30, 1918.

SUIT to restrain an alleged nuisance created by the noisy operation of machinery, and alleged to interfere with the use and enjoyment of the dwelling house of appellants. Pending the hearing, a temporary injunction issued, ordering a partial abatement. On final hearing, the appellants were denied all relief, and they appeal.—*Modified and affirmed.*

*George Wambach,* for appellants.

*Mulvaney & Mulvaney,* for appellees.

SALINGER, J.—The law is plain. The noises made by the machinery of the defendant will, under that law, entitle the plaintiffs to the relief they seek, if it is shown, by a preponderance of the testimony, that said noise is as bad and injurious as plaintiffs assert it is. It would be idle to reabstract the abstract, and to state in this opinion what the evidence is. It suffices to say we agree with the conclusion of the trial judge that the plaintiffs have not made out this part of their case by a preponderance, and that, on the contrary, the testimony strongly preponderates in favor of showing that the noise complained of was not of such character as to constitute a nuisance.

II. On the hearing upon which the temporary order aforesaid issued, the parties agreed in open court that the court might make an order in the premises, without the formality of issuing a writ of injunction or the giving of a bond, and that such order should be of the same effect as though such a writ had issued, and a bond been given. Thereupon, the court ordered, upon the evidence, that the

defendants "are hereby restrained and enjoined from oper-
ating their said planing mill plant and their machinery in
their said planing mill contained, unless all the openings
leading to the west onto the alley are closed during the time
said plant is in operation and the machinery in use; and
that, at any and all times while said plant is operating and
the machinery in use, the said parties shall have and keep
all the openings in the west wall of said building leading
into the alley closed, and this order to stand until the fur-
ther order of this court." The decree appealed from recites:

"And at the beginning of the hearing, the defendants
agreed and consented that they would follow the temporary
injunction heretofore issued without any order of the court,
and continue to close the said openings to the west when
the said machinery was in operation."

The court seems to have proceeded upon the theory that
this agreement made any injunctional order unnecessary.
The appellants complain of this, and we think the com-
plaint is well made. Upon this record, it would seem to be
conceded that the plaintiffs are entitled to the relief orig-
inally given by the temporary injunction. The court dis-
missed the petition of the plaintiffs for an injunction, and
this carried down the temporary order theretofore made.
Nothing was given the plaintiffs in its place, except the
agreement of the defendants that they would observe the re-
quirements made in the defunct temporary injunction. If
they should break their agreement tomorrow, they could
not be punished as for contempt of court. The most that
plaintiffs could do in that event would be to reopen the liti-
gation, and to obtain that order therein of which they should
never have been deprived. We think it was their right to
have said agreement effectuated by an order of the court in
the litigation they had already begun.

The decree below will be modified to the extent of en-

joining the defendants as was done in said temporary injunctional order.

Of the costs on appeal, the appellees will pay one third. —*Modified and affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.